UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MIRAMAR FIREFIGHTERS' PENSION     :
FUND, on behalf of itself and all others
similarly situated,     :

                Plaintiff,     :     19 Civ. 9837 (JSR)

      v.

                                :

IROBOT CORPORATION, COLIN M.
ANGLE, and ALISON DEAN,     :

                Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' UNOPPOSED MOTION TO TRANSFER THIS ACTION
## TO THE DISTRICT OF MASSACHUSETTS PURSUANT TO 28 U.S.C. § 1404

<div style="margin-left:40%">

Scott D. Musoff
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

James R. Carroll (*pro hac vice* pending)
Alisha Q. Nanda
Rene H. DuBois
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800

*Counsel for Defendants*
*iRobot Corporation, Colin M. Angle*
*and Alison Dean*

</div>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................1

FACTUAL BACKGROUND .......................................................................................................2

      A.     iRobot Is A Robotics Company Headquartered In Bedford, Massachusetts ..........2

      B.     Plaintiff -- A Florida-Based Pension Fund -- Filed This Putative Federal
            Securities Class Action In New York ......................................................................3

      C.     An Identical Putative Federal Securities Class Action Was Also Filed In
            New York ................................................................................................................4

LEGAL STANDARD ...................................................................................................................4

ARGUMENT .................................................................................................................................5

I.      THIS PUTATIVE SECURITIES CLASS ACTION COULD
       HAVE BEEN BROUGHT IN THE DISTRICT OF MASSACHUSETTS.......................5

II.     THE INTERESTS OF JUSTICE AND
       CONVENIENCE OF THE PARTIES WEIGH IN FAVOR
       OF TRANSFER TO THE DISTRICT OF MASSACHUSETTS.....................................6

      A.     The Convenience Of The Witnesses
            Strongly Favors Transfer To The District Of Massachusetts ................................6

      B.     The Convenience Of The Parties
            Strongly Favors Transfer To The District Of Massachusetts ................................7

      C.     Massachusetts Is The Locus Of Operative Facts
            And The Location Of The Most Relevant Documents ...........................................8

      D.     The Interest Of Justice And Trial Efficiency Strongly Favors Transfer...............10

      D.     The Remaining Factors Favor Transfer To The District of Massachusetts ..........11

CONCLUSION............................................................................................................................12

**TABLE OF AUTHORITIES**

**CASES**                                                              **PAGE(S)**

*Ahrens v. CTI BioPharma Corp.*,
    No. 16 Civ. 1044 (PAE), 2016 WL 2932170, at *3-4 (S.D.N.Y. May
    19, 2016) ................................................................................................1, 8, 10, 12

*In re CenturyLink, Inc. Securities Litigation*,
    Master File No. 13 Civ. 03839(LTS), 2014 WL 1089116, at *3 (S.D.N.Y. Mar.
    18, 2014) ................................................................................................................8

*City of Pontiac General Employees Retirement System v. Dell Inc.*,
    14-CV-3644 (VSB),
    2015 WL 12659925, at *4, 6-7 (S.D.N.Y. Apr. 30, 2015) .............................6, 8

*City of Sterling Heights Police & Fire Retirement System v. Kohl's Corp.*,
    No. 13 Civ. 5158 (JSR), 2013 WL 5656086, at *2 (S.D.N.Y. Oct. 9, 2013) ........5, 8, 9, 10

*Doshi v. General Cable Corp.*,
    No. 13 Civ. 7409, 2014 WL 12774226, at *2 (S.D.N.Y. Feb 5, 2014) .............................9

*Garity v. Tetraphase Pharmaceuticals Inc.*,
    No. 1:18-06797 (ALC), 2019 WL 2314691, at *2-3, 6 (S.D.N.Y. May 30, 2019) .........5, 6

*In re Global Cash Access Holdings, Inc. Securities Litigation*,
    No. 08 Cv. 3516 (SWK), 2008 WL 4344531, at *4, 7 (S.D.N.Y. Sept. 18, 2008)..7, 11, 12

*In re Hanger Orthopedic Group, Inc. Securities Litigation*,
    418 F. Supp. 2d 164, 169 (E.D.N.Y. 2006) ......................................................................7

*MBCP Peerlogic LLC v. Critical Path, Inc.*,
    No. 02 Civ. 3310 (SWK), 2002 WL 31729626, at *4 (S.D.N.Y. Dec. 5, 2002) ................7

*In re McDermott International, Inc. Securities Litigation*,
    No. 08 CIV. 10615 (DC), 2009 WL 1010039, at *6 (S.D.N.Y. Apr. 13, 2009)...............10

*P.E.A. Films, Inc. v. Metro-Goldwyn-Mayer, Inc.*,
    No. 14-CV-7263 (JSR),
    2014 WL 6769377, at *1 (S.D.N.Y. Nov. 12, 2014)......................................................4, 5

*Steck v. Santander Consumer USA Holdings Inc.*,
    No. 14-CV-6942 (JPO),
    2015 WL 3767445, at *3-4, 8 (S.D.N.Y. June 17, 2015) .........................................6, 8, 12

*In re Stillwater Mining Co. Securities Litigation*,
    No. 02 Civ. 2806 (DC),
    2003 WL 21087953, at *3-5 (S.D.N.Y. May 12, 2003) ........................................5, 7, 9, 11

## **RULES AND STATUTES**                                   **PAGES**

15 U.S.C. § 78aa(a)................................................................................................5

15 U.S.C. § 78u-4 ................................................................................................3

28 U.S.C. § 1404(a)..................................................................................1, 2, 4, 8

Fed. R. Civ. P. 45(c)(1)(A) ...............................................................................11

Defendants iRobot Corporation ("iRobot"), Colin M. Angle and Alison Dean (collectively "Defendants") respectfully submit this memorandum of law in support of their Unopposed Motion to Transfer this putative securities class action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).  Plaintiff Miramar Firefighters' Pension Fund does not oppose Defendants' motion requesting transfer of this action to the District of Massachusetts.

## PRELIMINARY STATEMENT

Defendants request transfer to the District of Massachusetts because the interest of justice and the convenience of the parties and the witnesses in this case weigh heavily in favor of litigating this case in Massachusetts.  Defendant iRobot has been headquartered in Massachusetts since its founding in 1990.  Defendants Mr. Angle and Ms. Dean are, respectively, the Chief Executive Officer and Chief Financial Officer of iRobot, and both individuals work and reside in Massachusetts.  Moreover, Massachusetts is the locus of operative facts in this securities class action.  For example, the allegedly false statements iRobot made concerning its sales and revenue figures were prepared and disseminated in SEC filings, press releases and earnings calls that originated in Massachusetts.  The potential witnesses in this case that were involved in drafting and distributing the allegedly false statements work and reside in Massachusetts.  Documents potentially relevant to this action are located in Massachusetts.  Transfers of securities class actions to an issuer's home district are "routine as a practical matter" and this case should be no different.  *See Ahrens v. CTI BioPharma Corp.,* No. 16 Civ. 1044 (PAE), 2016 WL 2932170, at *4 (S.D.N.Y. May 19, 2016) (transferring securities action to defendant company's headquarters).

This action is also related to a duplicative action against the same Defendants here that is pending in this Court and in which the parties have already submitted a stipulation agreeing to transfer that action to the District of Massachusetts for the same reasons as outlined here.  (*See* Stipulation and Proposed Order, *Campbell v. iRobot Corp. et al.*, No. 19-cv-10373 (S.D.N.Y. filed Nov. 7, 2019) ("*Campbell*") (ECF No. 13); *see also* Factual Background Section C, *infra*.)  Put simply, this case has no significant connection to New York, the Plaintiff is not even from New York, and thus transferring this case to the District of Massachusetts will promote "the convenience of parties and witnesses" and serve the "interest of justice."  28 U.S.C. § 1404(a).

## **FACTUAL BACKGROUND**

### A.    **iRobot Is A Robotics Company Headquartered In Bedford, Massachusetts**

iRobot, a Delaware corporation, is located at 8 Crosby Drive, Bedford, Massachusetts 01730, and has been headquartered in Massachusetts since its founding in 1990. (*See* Complaint, ECF No. 1 in this action ("Compl." or "Complaint") ¶¶ 11, 15; *see also* Declaration of Glen D. Weinstein ("Weinstein Decl.") ¶ 5.)  iRobot is a leading consumer robot company that designs and manufactures robots primarily for household use, including the award-winning Roomba® Vacuuming Robot.  (Compl. ¶ 15; Weinstein Decl. ¶ 6.)  iRobot does not have any offices or facilities in New York.  (Weinstein Decl. ¶ 7.)

Defendant Colin M. Angle is the co-founder of iRobot, has served as the Chief Executive Officer since June 1997 and as the Chairman of the Board of Directors since October 2008.  (Compl. ¶ 12; Weinstein  Decl. ¶ 8.)  Defendant Alison Dean has served as the Executive Vice President, Chief Financial Officer, Treasurer and Principal Accounting Officer of iRobot since April 2013.  (Compl. ¶ 13; *see also* Weinstein Decl. ¶ 9.)  Mr. Angle and Ms. Dean work in

iRobot's headquarters in Bedford, Massachusetts and reside in Massachusetts.  (Weinstein Decl.
¶¶ 8-9.)

**B.     Plaintiff -- A Florida-Based Pension Fund -- Filed
        This Putative Federal Securities Class Action In New York**

On October 24, 2019, Plaintiff Miramar Firefighters' Pension Fund ("Miramar")
-- a Florida-based pension fund -- filed this putative securities class action on behalf of itself and
a nationwide class of those who purchased iRobot stock between November 21, 2016 and
October 22, 2019.  (Compl. ¶ 1.)  Miramar's Complaint asserts two causes of action:  (1)
violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and
Rule 10b-5 promulgated thereunder; and (2) violations of Section 20(a) of the Exchange Act.
(*Id.* ¶¶ 47-57.)  The Complaint alleges that Defendants made certain alleged misrepresentations
in company press releases, earnings calls and at investor conferences concerning its sales and
revenue figures.  (*Id.* ¶ 30.)

This case is subject to the Private Securities Litigation Reform Act, 15 U.S.C.
§ 78u-4, including its lead plaintiff requirements and its automatic stay of discovery pending any
motion to dismiss.  No lead plaintiff or lead counsel has been appointed, and motions requesting
such designations have not yet been filed.

On November 19, 2019, counsel for all parties contacted the Court to inform it of
the parties' agreement to request transfer of the case to the District of Massachusetts because,
among other reasons, the case could have been brought there, and transferring the case is in the
interests of justice and convenience of the parties and witnesses.  That same day, the Court
granted the parties leave to file a motion to transfer and stated that it would consider the parties'
request to transfer the *Miramar* action to the District of Massachusetts at a conference scheduled
for December 3, 2019.

**C.**     **An Identical Putative Federal Securities Class Action Was Also Filed In New York**

On November 7, 2019, Jerome Campbell filed a nearly-identical putative securities class action against the same Defendants here.  (*See* Complaint, *Campbell*, No. 19-cv-10373 (ECF No. 1).)  On November 15, 2019, the parties filed a Stipulation and Proposed Order agreeing that the *Campbell* action should be transferred to the District of Massachusetts because, among other reasons, the case could have been brought there, and transferring the case is in the interests of justice and convenience of the parties and witnesses.  (ECF No. 13.)  On November 18, 2019, the *Campbell* action was assigned to Judge Rakoff as related to the *Miramar* action.  On November 19, 2019, the Court stated that it would consider the parties' request to transfer the *Campbell* action to the District of Massachusetts at a conference scheduled for December 3, 2019.

## LEGAL STANDARD

Under 28 U.S.C. §1404(a), a court may grant a motion to transfer venue "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought."  In determining whether to transfer, courts in this District apply a two-part test: (i) the transferee district must be one where the case could have been brought originally; and (ii) transfer must be in the interest of justice and convenience of the parties and witnesses.  *P.E.A. Films, Inc. v. Metro-Goldwyn-Mayer, Inc.*, No. 14-CV-7263 (JSR), 2014 WL 6769377, at *1 (S.D.N.Y. Nov. 12, 2014) (granting motion to transfer under Section 1404(a)).  In analyzing the second part of the test, courts consider the following nine factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of the operative facts; (4) the location of relevant documents and relative ease of access to sources of proof; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the

plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances.  *Id.*

As demonstrated below, this action could have been brought in the District of Massachusetts where Defendants are located, and the interest of justice and convenience of the parties and witnesses weighs heavily in favor of transfer.

## **ARGUMENT**

I.    **THIS PUTATIVE SECURITIES CLASS ACTION COULD HAVE BEEN BROUGHT IN THE DISTRICT OF MASSACHUSETTS**

This putative class action could have been brought in the District of Massachusetts.  An action alleging violations of the Exchange Act -- like the one here -- may be brought in "any . . . district wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa(a); *see also In re Stillwater Mining Co. Sec. Litig.*, No. 02 Civ. 2806 (DC), 2003 WL 21087953, at *3 (S.D.N.Y. May 12, 2003) (granting motion to transfer and finding that venue was proper in the District of Montana where the corporate issuer was located and the majority of the individual defendants resided).  Here, iRobot's principal place of business and headquarters is in Bedford, Massachusetts and the individual defendants -- senior executives of the company -- reside and work in Massachusetts.  (Compl. ¶¶ 11-13; Weinstein Decl. ¶¶ 5-9.) This case therefore could have been brought in the District of Massachusetts.

Courts routinely transfer securities fraud actions to the district where the corporate issuer is headquartered or individual defendants are located.  *City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*, No. 13 Civ. 5158 (JSR), 2013 WL 5656086, at *2 (S.D.N.Y. Oct. 9, 2013) (Rakoff, J.) (transferring securities fraud action to Eastern District of Wisconsin where corporate defendant was headquartered and individual defendants resided); *Garity v. Tetraphase Pharm. Inc.*, No. 1:18-06797 (ALC), 2019 WL 2314691, at *2 (S.D.N.Y.

May 30, 2019) (transferring securities class action to District of Massachusetts where pharmaceutical company was headquartered); *City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*, 14-CV-3644 (VSB), 2015 WL 12659925, at *7 (S.D.N.Y. Apr. 30, 2015) (transferring securities fraud action to Western District of Texas, and explaining that in "garden-variety federal securities fraud class action" where a transfer is requested to the district of the defendant's headquarters, "courts in this District regularly exercise their discretion to grant motions to transfer").  The same result is appropriate here.

## II.    THE INTERESTS OF JUSTICE AND CONVENIENCE OF THE PARTIES WEIGH IN FAVOR OF TRANSFER TO THE DISTRICT OF MASSACHUSETTS

### A.    The Convenience Of The Witnesses Strongly Favors Transfer To The District Of Massachusetts

Convenience of witnesses "is probably the single []most important factor in the analysis of whether transfer should be granted." *Steck v. Santander Consumer USA Holdings Inc.*, No. 14-CV-6942 (JPO), 2015 WL 3767445, at *3 (S.D.N.Y. June 17, 2015) (brackets in original).  "In a securities fraud case, the key witnesses are the officers and employees of the corporate defendant who participated in drafting and disseminating the allegedly false statements at issue." *City of Pontiac*, 2015 WL 12659925, at *4; *Tetraphase*, 2019 WL 2314691, at *3. The relevant witnesses in this action include officers and employees of iRobot who participated in the drafting or issuing of the allegedly misleading statements identified in the Complaint. (Compl. ¶¶ 17-29.)  Mr. Angle and Ms. Dean, who are alleged to have made the purportedly misleading statements, are located in Massachusetts.  Further, there are other potential witnesses who participated in drafting or distributing the allegedly misleading statements or have knowledge concerning iRobot's financial statements and forward-looking guidance alleged in the Complaint.  Those potential witnesses are among iRobot's financial planning, accounting, and investor relations professionals who are or were primarily located in iRobot's headquarters in

Bedford, Massachusetts.  (Weinstein Decl. ¶ 10).  Accordingly, Mr. Angle, Ms. Dean and other

potential witnesses from iRobot would be significantly inconvenienced if this litigation were to

proceed in New York.  *See In re Glob. Cash Access Holdings, Inc. Sec. Litig.*, No. 08 Cv. 3516

(SWK), 2008 WL 4344531, at * 4 (S.D.N.Y. Sept. 18, 2008) (quoting *In re Stillwater*, 2003 WL

21087953, at *4 (transferring securities action to home forum of corporate defendant and

recognizing that in securities cases, "the key witnesses are frequently 'officers and employees of

[the issuer] who participated in drafting or distributing [those] statements'" (brackets in

original)).[1]  Thus, the convenience of witnesses factor weighs in favor of transfer.

**B.    The Convenience Of The Parties Strongly**
**Favors Transfer To The District Of Massachusetts**

The District of Massachusetts is most convenient for iRobot and the individual

defendants.  As discussed above, iRobot's headquarters and management are in Massachusetts,

and the individual defendants reside and work in Massachusetts.  Because the individual

defendants are senior managing officers of iRobot, litigating and trying this case in New York

could unnecessarily disrupt iRobot's business operations.  *See Tetraphase*, 2019 WL 2314691, at

*6 (transferring securities case to Massachusetts and finding that a "New York trial may disrupt

[company's] business operations since some of the individual defendants are managing

officers"); *In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 169 (E.D.N.Y.

2006) (finding New York would be inconvenient "because the individual defendants form the

core of [company']s senior management" and a "trial in New York carries a real risk of

---

[1]     *See also MBCP Peerlogic LLC v. Critical Path, Inc.*, No. 02 Civ. 3310 (SWK), 2002 WL
31729626, at *4 (S.D.N.Y. Dec. 5, 2002) (transferring securities action and reasoning that "the
events giving rise to this [securities class] action demonstrate that the vast majority of material
witnesses are in Northern California and would therefore find it more convenient to testify in
California than in New York").

disrupting company operations"). Moreover, transferring the case to the District of Massachusetts would reduce the expense and inconvenience Defendants would otherwise have to incur if the case were to proceed in New York.

Because Plaintiff does not oppose transfer, its convenience need not be considered as part of the analysis. *See Steck*, 2015 WL 3767445, at \*4 (transferring securities action and recognizing "that parties can waive the issue of their own convenience, in which case it is given no consideration in the analysis"). In any event, Plaintiff is a Florida-based pension fund, and therefore Massachusetts is no less convenient than New York. The convenience of the parties therefore strongly favors transfer to the District of Massachusetts.

### C. Massachusetts Is The Locus Of Operative Facts And The Location Of The Most Relevant Documents

The locus of operative facts is considered "a significant factor in analyzing a motion for transfer under §1404(a)." *In re CenturyLink, Inc. Sec. Litig.*, Master File No. 13 Civ. 03839(LTS), 2014 WL 1089116, at \*3 (S.D.N.Y. Mar. 18, 2014). In a securities action such as this, the locus of operative facts is where the alleged misrepresentations were made, and it is well settled that alleged misrepresentations are "'deemed to "occur" in the district where they are transmitted or withheld', not where they are received." *City of Pontiac*, 2015 WL 12659925, at \*6 (transferring securities action to the location where the issuer's press releases and public filings were drafted, approved and disseminated); *Ahrens*, 2016 WL 2932170, at \*3 (S.D.N.Y. May 19, 2016) (transferring securities action to jurisdiction in which defendant's headquarters was located, where allegedly false or misleading statements and filings were issued).

For example, in *City of Sterling Heights Police & Fire Retirement System v. Kohl's Corporation et al.*, this Court transferred a securities class action against a large retailer

8

company to the Eastern District of Wisconsin, finding that the connections with Wisconsin were "substantial":

> Each corporate and individual defendant is located in Wisconsin, and all of the allegedly false and misleading statements were prepared, approved, and issued from there.  The investor conference calls that contained statements challenged by plaintiffs were conducted from Wisconsin. . . . In sum and substance, nearly every person and document of consequence in this litigation can be found in Wisconsin.

2013 WL 5656086, at *2 (citations omitted).

The same is true here:  the vast majority of allegedly misleading statements identified in the Complaint were disseminated in iRobot's SEC filings, press releases and earnings calls (Compl. ¶¶ 18-22, 25, 28-29), all of which originated from iRobot's headquarters in Massachusetts.  (Weinstein Decl. ¶ 11.)  iRobot's SEC filings and press releases were prepared, approved and issued from Massachusetts.  (Weinstein Decl. ¶ 11.)  The earnings conference calls all originated from Massachusetts, and the iRobot employees participating in those calls were based in, and participating from, iRobot's headquarters in Bedford, Massachusetts.  (Weinstein Decl. ¶ 12.)  Likewise, relevant documents concerning those alleged misstatements are also primarily located in iRobot's Massachusetts headquarters.  None of those documents is located in New York.  (Weinstein Decl. ¶ 13.)  *In re Stillwater*, 2003 WL 21087953, at *5 (transferring securities action and weighing the fact that the documents were all located in the company's headquarters in favor of transfer).[2]

---

[2]   Even though iRobot's securities trade on the NASDAQ, a New York stock exchange, this does not alter the analysis.  *See Doshi v. Gen. Cable Corp.*, No. 13 Civ. 7409, 2014 WL 12774226 at *2 (S.D.N.Y. Feb 5, 2014) (transferring securities action and finding that where all the pertinent filings were prepared in Kentucky, it did not matter that the company's stock was traded on NASDAQ).

Just as in *Kohls*, "[i]n sum and substance, nearly every person and document of consequence in this litigation can be found in" Massachusetts.  2013 WL 5656086, at *2.  These factors therefore weigh heavily in favor of transfer to the District of Massachusetts.

**D.    The Interest Of Justice And Trial Efficiency Strongly Favors Transfer**

*First*, transfer is in the interest of justice because the Defendants, key witnesses, and material events are centered in Massachusetts, while the Complaint asserts no meaningful nexus or connection with New York.  *In re McDermott Int'l, Inc. Sec. Litig.*, No. 08 CIV. 10615 (DC), 2009 WL 1010039, at *6 (S.D.N.Y. Apr. 13, 2009) (finding transfer in the "interests of justice" where transferee court had little connection to the case and "center of gravity" of case was in transferee court's jurisdiction).

*Second,* this action is duplicative of the *Campbell* action involving the same Defendants here and for which the parties have agreed to a transfer of that action to the District of Massachusetts for the same reasons outlined here.  If this Court permits the transfer of both the *Campbell* and the *Miramar* actions as requested by all parties, the matters could be consolidated in the District of Massachusetts, which will promote trial efficiency and the interests of justice.  *See Ahrens*, 2016 WL 2932170, at *4 (transfer will promote trial efficiency and interests of justice where action involving same set of facts is pending in transferee court).

*Third*, transfer to the District of Massachusetts is consistent with the efficient use of judicial resources, as the District of Massachusetts has a lower caseload per judgeship than the Southern District of New York.  As of September 30, 2019, the Southern District of New York had a caseload of approximately 660 cases per judgeship, while the District of Massachusetts had

a caseload of approximately 370 cases per judgeship.[3]  This factor therefore weighs in favor of transfer.

### D.   The Remaining Factors Favor Transfer To The District of Massachusetts

The remaining factors that courts may consider on a motion to transfer also weigh in favor of transferring this action to the District of Massachusetts.

*The availability of process to compel the attendance of unwilling witnesses*.  If the parties wish to call non-party witnesses at trial, they are likely to work or reside in Massachusetts, and thus this Court may be unable to compel their attendance as Massachusetts is beyond the 100-mile radius of this Court.  *See* Fed. R. Civ. P. 45(c)(1)(A) (court cannot compel non-party witnesses to travel more than 100 miles for trial).  Those same witnesses, however, are likely to live within 100 miles of the District of Massachusetts and therefore subject to the District of Massachusetts' subpoena power.  Although this case is still in the early stages of litigation and non-party witnesses have not yet been identified, transfer is favored because it would avoid the issue of compulsory process altogether.  *See In re Stillwater,* 2003 WL 21087953, at *5 (transferring securities action from New York to Montana and finding that the "potential difficulty" of compelling the attendance of unwilling witnesses "would be substantially reduced if the case were tried in Montana").

*The forum's familiarity with the governing law*.  District courts in Massachusetts are equally capable of applying the federal securities law as are district courts in the Southern District of New York.  *See In re Glob. Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL

---

[3]      *See* Federal Court Management Statistics -- Profiles (Sept. 30, 2019 Reporting Period), *available at*
https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2019.pdf

4344531, at * 7 (recognizing that "[f]ederal courts throughout the nation are equally capable of applying federal securities laws").

        ***The weight accorded the plaintiff's choice of forum.***  Plaintiff does not oppose transfer of this action to Massachusetts.  In any event, this action is a putative nationwide securities class action and thus Plaintiff's choice of forum is generally accorded little weight. *Ahrens*, 2016 WL 2932170, at *4 (transferring action and affording little weight to plaintiff's choice of forum in "a stockholder class action, where members of the class are dispersed throughout the nation"); *see also Steck*, 2015 WL 3767445, at *8 (same).

        ***The relative means of the parties.***  Plaintiff does not oppose transfer to the District of Massachusetts and therefore this factor weighs in favor of transfer or is neutral.

## <u>CONCLUSION</u>

        This Court should transfer this action to the District of Massachusetts in the interest of justice and convenience of the parties and witnesses.

Dated:   November 26, 2019      Respectfully submitted,
         New York, New York

/s/ Scott D. Musoff
Scott D. Musoff
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
scott.musoff@skadden.com

James R. Carroll (pro hac vice *pending*)
Alisha Q. Nanda
Rene H. DuBois
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
alisha.nanda@skadden.com
rene.dubois@skadden.com

*Counsel for Defendants*
*iRobot Corporation, Colin M. Angle*
*and Alison Dean*

13